JOHN R. MANNING (SBN 220874)
ATTORNEY AT LAW
4005 Manzanita Ave, Suite 6-8
Carmichael, CA 95608
(916)444-3994
jmanninglaw@yahoo.com

Attorney for Defendant
William D. Owen

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>William D. Owen,<br><br>Defendant. | Case No.: 2:22 CR 0147-3-WBS<br><br>STIPULATION AND ORDER CONTINUING MR. OWEN'S SENTENCING DATE AND ACCOMPANYING DISCLOSURE AND OBJECTION SCHEDULE<br><br>Date: March 22, 2027<br>Time: 10:00 a.m.<br>Judge: Honorable William B. Shubb |

On June 29, 2026, Mr. Owen pled guilty to Count 10 (of a 17 count indictment) which charged Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Heroin, in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). Mr. Owen is presently set for judgment and sentencing on December 7, 2026, at 10:00 a.m., before the Honorable William B. Shubb. For reasons more specifically detailed below, the defense is requesting to continue Mr. Owen's judgment and sentencing to **March 22, 2027, at 10:00 a.m.** (and adjust the presentence report objection and disclosure schedule accordingly).

Mr. Owen was interviewed by Probation at the Butte County jail (where Mr. Owen is incarcerated), the draft Presentence Report (PSR) was timely published on August 31, 2026; informal objections were timely filed on October 12, 2026; and, the final PSR was timely published on October 26,

2026. Based on the presently in place disclosure and objection schedule, the formal objections to the final PSR are due November 23, 2026 (sentencing memorandums are due November 30, 2026).

The final PSR contains information (allegations) Probation believes to be clarifying, which were not present in the draft PSR. Additionally, the final PSR proffers (as did the draft PSR) an enhancement pursuant to § USSG 2D1.1(b)(1) and recommends Mr. Owen be sentenced consistent with the career offender guidelines. While researching the defense's response, via the anticipated formal objections and sentencing memorandum, to the "new" information in the final PSR, the noted enhancement and the sentencing recommendation made by Probation, undersigned counsel became aware of Ninth Circuit cases *U.S. v. Soto (23-4072 [2026])* and *U.S. v. Reid (23-3903 [2026])*. (See, www. cdn.ca9.uscourts.gov/datastore/opinions/2026/01/08/24-3903.pdf) In *Soto* and *Reid*, the Ninth Circuit stated, "The issue in this case is whether defendants Anthony Soto ("Soto") and Stephen Reid ("Reid"; collectively, "Defendants") are subject to the career-offender sentencing enhancement, U.S.S.G. § 4B1.1, because of their prior convictions under California Health & Safety Code § 11378. That issue turns on a question of California law. Accordingly, we respectfully ask the California Supreme Court to answer the certified question of California law presented below:

> When a defendant is charged with possession of a listed controlled substance under California Health & Safety Code § 11378, must the state prove, and must the jury unanimously agree, that the defendant possessed the actual listed controlled substance, and not an analog of that substance as defined under California Health & Safety Code § 11401? Or may the jury convict if it finds the state has proven the defendant possessed either the actual controlled substance or an analog of that substance, without unanimous agreement as to which?

If the state must prove that a defendant possessed the actual listed controlled substance charged, and not an analog of that substance, then Defendants would be subject to the career offender enhancement due to their

prior § 11378 convictions. But if a controlled substance analog is an alternative means of proving that a defendant possessed the listed controlled substance charged, then Defendants would not be subject to the career-offender enhancement." (*Id.* at page 4)

As noted in the PSR, Mr. Owen has two prior H&S Code 11378 convictions – which serve as the basis for Probation's recommendation of the career offender guideline as to Mr. Owen. Therefore, the resolution of the *Soto/Reid* case (and how the Ninth Circuit responds to the California Supreme Court's ruling) could profoundly impact Mr. Owen's sentence.

Presently, the answer brief in *Soto/Reid* on the merits is due December 16, 2026. It appears any response must be filed within 20 days of the answer brief's filing (and the court may or may not schedule argument following completion of the briefing). Thus, the briefing is due very soon and resolution is on the (near) horizon.

Assistant United States Attorney, James Conolly was consulted, prior to the filing of this stipulation and had no objection to the requests made herein. United States Probation Officer Hayley La Fazia was contacted, prior to the filing of this stipulation, but could not be reached.

Therefore, the Parties respectfully request the Court adopt the following schedule pertaining to the presentence report:

| | |
|---|---|
| **Judgment and Sentencing date:** | **03/22/27 (@ 10:00 a.m.)** |
| Sentencing Memorandum & Reply or Statement of Non-Opposition: | 03/17/27 |
| Counsel's written formal objections filed with the Court and served on the Probation Officer and opposing counsel no later than: | 03/10/27 |

///

///

Dated: November 20, 2026

/S/ John R. Manning
JOHN R. MANNING
Attorney for Defendant
WILLIAM D. OWEN

Dated: November 20, 2026

Eric Grant
United States Attorney

by: /S/ James Conolly
JAMES CONOLLY
Assistant United States Attorney

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated: November 23, 2026

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE